IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL JAMES PARKS,** :
:
      **Petitioner** : CIVIL NO. 1:CV-07-1418
:
v. : **(Judge Rambo)**
:
**Warden TROY WILLIAMSON,** *et al.,* :
:
      **Respondents** :

## MEMORANDUM

### I. Introduction

On August 3, 2007, Petitioner Darrell James Parks, an inmate confined at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1). Petitioner's case was dismissed by Order dated September 20, 2007 (Doc. 6).

Presently pending before the court is Petitioner's motion for reconsideration (Doc. 8) seeking to re-open his case. For the following reasons, Petitioner's motion for reconsideration will be granted. However, pursuant to the court's authority to screen Section 2241 petitions, his case will be summarily dismissed without requiring a response from Respondent.

**II.     Motion for Reconsideration**

On August 16, 2007, the court issued an administrative order (Doc. 3), directing Petitioner to pay the full filing fee, or file a petition to proceed *in forma pauperis*, within thirty (30) days.  The order provided that, if Petitioner failed to comply with its terms within the thirty (30) day time limit, his case would be dismissed.

Having received no response to the 30 Day Administrative Order (Doc. 3) within the prescribed time, the court entered an order dated September 20, 2007 (Doc. 6) dismissing the action for Petitioner's failure to comply with the court's prior order (Doc. 3).

Thereafter, on September 25, 2007, Petitioner filed a motion for reconsideration (Doc. 8) stating that, on August 19, 2007, he turned in a money withdrawal form in order to withdraw the five dollar filing fee from his prison account. (*Id.* at ¶ 1.)  Petitioner further averred that the money was withdrawn from his prison account on September 7, 2007.  (*Id.* at ¶ 2.)  He attached to his motion a copy of the "Inmate Transaction Receipt" showing the withdrawal of five dollars from his account on that date.  (*Id.* at 4.)  On September 24, 2007, a receipt (Doc. 7)

was filed showing that the five dollar filing fee had been received by the clerk's office.

In light of the receipt provided by Petitioner showing the withdrawal of the funds for the filing fee on September 7, 2007, which was within the period of time afforded to him pursuant to the 30 Day Administrative Order (Doc. 3), the motion for reconsideration will be granted, and the case will be reopened.

However, for the reasons that follow, the petition will be summarily dismissed without requiring a response from Respondent. Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof. Rule 4 of the Section 2254 Rules authorizes a district court to conduct an initial screening of petitions. A court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243; *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

**III.     Allegations of Petition**

Petitioner does not provide a summary of events in his petition.  However, the Discipline Hearing Officer Report attached to his petition contains the following summary of events:

On March 24, 2006, Petitioner was found unresponsive in his cell at the United States Penitentiary Coleman I ("USP-Coleman I") in Coleman, Florida, and transported via ambulance to Leesburg Medical Center.  (Doc. 1 at 9.)  A drug test was performed, and on March 27, 2006, the Leesburg Medical Center staff provided a written report to staff at USP-Coleman I indicating that Petitioner's urine had tested positive for benzodiazepines at a level that was toxic and life-threatening.  (*Id.* at 9; Ex. CC.)  The USP-Coleman I Medical Department confirmed that Petitioner had not been prescribed any medications containing benzodiazepines.  (*Id.*)  Following a hearing before a Disciplinary Hearing Officer ("DHO") on April 6, 2006, he was found guilty of the use of a prohibited narcotic.  (*Id.*)

In his petition, Petitioner denies that he voluntarily took any medication containing benzodiazepine, but rather asserts that he was given the drug Ativan, which contains benzodiazepine, without his consent, by the medical staff at the Leesburg Medical Center.  (Doc. 1 at ¶ 17a. and b.)  He avers that his rights to due

process and equal protection were violated during the disciplinary process that ensued following his positive urine screen. (*Id.* at 3-6.) Petitioner complains as to the following disciplinary sanctions he received after the hearing: sixty days of disciplinary segregation; 180 days of loss of visiting privileges, followed by 180 days of family only visits; and the recommendation by the DHO of a disciplinary transfer. (*Id.* at 10.)

Petitioner filed a regional administrative remedy appeal. (Doc. 1, Ex. AA.) On December 4, 2006, the Regional Director affirmed the decision of the DHO and denied his appeal. (*Id.*) Thereafter, Petitioner filed a central office administrative remedy appeal, which was denied on March 12, 2007. (*Id.*, Ex. BB.)

**IV.   Discussion**

    **A.   Due Process Claim**

Petitioner fails to make a cognizable due process claim because the discipline he received does not implicate any liberty interests that are protected under the Due Process Clause. As an initial matter, the court notes that Petitioner did not lose good conduct time. In *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), the United States Supreme Court determined that, where a state provides a statutory right to good conduct time and specifies that it is to be forfeited only for serious misbehavior,

5

inmates have a liberty interest at stake in disciplinary proceedings in which they lose good conduct time. *See also Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (reiterating holding in *Wolff* that inmates have constitutionally protected interest in good-time credit). In the instant case, Petitioner does not allege that he lost any good-time credit, and thus he has not demonstrated that he had a liberty interest at stake.

Moreover, the penalties that were imposed, namely sixty days of disciplinary segregation; 180 days of loss of visiting privileges, followed by 180 days of family only visits; and a disciplinary transfer to a different facility, do not implicate a liberty interest for which Petitioner can invoke the protections of the Due Process Clause.[1] (*See* Doc. 1 at 10.) As to the disciplinary segregation, in *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that prison conditions do not impact a liberty interest unless they result in "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." There, the Court determined that the inmate's placement in disciplinary segregation for thirty days did not result in "atypical and significant hardship" such that a liberty interest was implicated. *Id.* at

---

[1] Petitioner asserts that, as a result of his disciplinary action, he is facing "a longer rehearing/set-off date at his initial parole hearing," loss of educational good time, tainting of his central files for ten years, and urine screens for two years. (Doc. 1 at 4-5.) The record does not reflect that any of these penalties were imposed.

486. *See also Torres*, 292 F.3d at 151-52 (inmate placed in disciplinary detention for fifteen days and administrative segregation for 120 days did not allege atypical, significant deprivation). Accordingly, in this case, Petitioner's placement in segregated confinement for sixty days within a sentence does not impose "atypical, significant deprivation," and thus does not implicate a liberty interest. *Sandin,* 515 U.S. at 484; *Torres*, 292 F.3d at 151.

As to Petitioner's loss of visiting privileges, this loss does not implicate a liberty interest because neither the due process clause nor Pennsylvania regulations guarantee any interest in prison visitation. *Henry v. Dep't of Corr.,* 131 Fed. Appx. 847, 848-49 (3d Cir. 2005) (nonprecedential). Finally, with regard to Petitioner's transfer to a different facility, the transfer does not implicate a liberty interest because an inmate has no constitutionally protected interest in the place of his confinement. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983).

### B. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires all persons "similarly situated" to be treated alike by state actors. *See City of Cleburne v. Cleburne Living Ctr.*, *Inc.*, 473 U.S. 432, 439 (1985). To prevail here, Petitioner must show both that he was treated differently from persons who are similarly

situated, and that this discrimination was purposeful or intentional rather than incidental.  *See City of Cleburne*, 473 U.S. at 439.  *See also Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 424 (3d Cir. 2000); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).  Petitioner fails to make a single allegation in his petition that he was treated differently from others who are similarly situated.  Thus, he fails to make a cognizable equal protection claim.

## IV.   Conclusion

Petitioner fails to state a claim and thus his petition is subject to summary dismissal.  An appropriate order will issue.

          s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL JAMES PARKS,**          :
                                  :
      **Petitioner**    :   CIVIL NO. 1:CV-07-1418
                                  :
  v.                          :   **(Judge Rambo)**
                                  :
**Warden TROY WILLIAMSON,** *et al.,*  :
                                  :
      **Respondents**  :

## O R D E R

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for reconsideration (Doc. 8) is **GRANTED**, and the Clerk of Court shall re-open this case.

2. The petition for writ of habeas corpus (Doc. 1) is **DENIED.**

3. The Clerk of Court shall **CLOSE** this case.

                                           s/Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: January 4, 2008